```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/31/2019

STEPHENS INC.,

                              Plaintiff,

        -against-

FLEXITI FINANCIAL INC.,

                              Defendant.

------------------------------------------------------------------X

**OPINION AND ORDER**

**18-CV-8185 (JPO) (KHP)**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

      Fact discovery in this case is scheduled to be completed on August 2, 2019. Plaintiff Stephens Inc. ("Stephens"), however, has requested that the deadline be extended for the limited purpose of deposing Adam Fisher and Colin Franks. Both are former employees of Defendant Flexiti Financial Inc. ("Flexiti") and are residents of Canada. (Doc. Nos. 100 and 102; *see also* Doc. No. 70.) Flexiti opposes Stephens's request on the ground that Stephens has had ample time to conduct both depositions. (Doc. No. 101.) To the extent the Court permits Stephens's request, Flexiti asks that Stephens be precluded from questioning Mr. Franks about Flexiti's legal hold process and the preservation and deletion of certain emails. After careful review of the parties' submissions, Stephens's request to extend fact discovery is GRANTED and Flexiti's request for a protective order is DENIED.

      "When considering an extension of discovery, the Court must 'balance efficiency and economy against the parties' need to develop an adequate record for summary judgment or trial.'" *City of Almaty, Kazakhstan v. Ablyazov*, No. 15-cv-05345 (AJN)(KHP), 2018 WL 2148430, at *1 (S.D.N.Y. May 10, 2018) (quoting Manual for Complex Litigation (Fourth) § 11.422). The

Court has broad discretion in making this determination and considers various factors including, among other things, whether trial is imminent, whether the party opposing the discovery would be prejudiced, whether the party seeking the extension was diligent in seeking discovery, and the likelihood that the discovery will lead to relevant evidence. *City of Almaty, Kazakhstan v. Ablyazov*, No. 1:15-cv-05345 (AJN) (KHP), 2019 WL 275701, at *3 (S.D.N.Y. Jan. 22, 2019) (citation omitted).

The balance of factors here weighs in favor of granting Stephens's request. Mr. Fisher's deposition already was the subject of motion practice, and this Court found that his deposition was appropriate and issued letters rogatory for his deposition on July 10, 2019. (Doc. Nos. 90, 95, and 98.) Mr. Fisher was served on July 15, 2019, but has not yet responded to the deposition notice. (Doc. No. 100, 1.) The Court recognizes that conducting a deposition outside the United States requires certain procedural steps to be followed and that the scheduling process can take longer than it might within the United States. Given that this Court only just issued the letters rogatory, it is appropriate to allow a reasonable time for Mr. Fisher to respond and the deposition to be scheduled and take place. No trial has been scheduled in this matter and there is no prejudice to Flexiti.

The balance of factors also weighs in favor of extending the deadline to allow Stephens to conduct the deposition of Mr. Franks. Again, trial is not imminent and there is no colorable basis for Flexiti to claim prejudice. Indeed, Mr. Franks is not an unknown witness – his deposition was noticed to take place before August 2, but was cancelled after a scheduling

conflict arose while the parties were scheduling the other depositions in this action. (*See* Doc. No. 101-1, 2.)

Stephens avers that it delayed rescheduling Mr. Franks's deposition in the hopes that it could schedule his deposition at the same time as Mr. Fisher's deposition to minimize costs of travel to Canada, where both individuals will be deposed. This motivation is consistent with Federal Rule of Civil Procedure 1, which mandates that the parties and the Court administer the Federal Rules to minimize costs and maximize efficiency in discovery. Flexiti's argument that Stephens was not diligent in scheduling both depositions is not persuasive. Both parties have diligently pursued discovery and been communicative with this Court about the discovery they were seeking. Further, it was not unreasonable for Stephens to wait until the resolution of the dispute regarding Mr. Fisher's deposition before setting a new date for Mr. Franks's deposition. Accordingly, the fact discovery period is hereby extended to **September 30, 2019** for the limited purpose of conducting the depositions of Messrs. Fisher and Franks.

The Court now turns to Flexiti's request for a protective order precluding Stephens from questioning Mr. Franks about "Flexiti's legal hold process . . . and facts surrounding the failure to preserve Sean Milne['s] emails." (Doc. No. 101-2, 3.) Federal Rule of Civil Procedure 26(c)(1) provides that a court may issue a protective order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," so long as the moving party demonstrates "good cause." Here, Flexiti appears to argue that it is entitled to a protective order simply because Stephens is seeking "discovery about discovery." While it is true that discovery about discovery is often irrelevant and disproportionate to the needs of the

case, there are circumstances when it may be warranted.  For example, such discovery is sometimes warranted so a party may "learn about where and how ESI is created or obtained, accessed, stored, maintained, backed up and preserved, and/or destroyed . . . ." *Winfield v. City of New York*, No. 15-cv-05236 (LTS)(KHP), 2018 WL 840085, at *5 (S.D.N.Y. Feb. 12, 2018).  To show entitlement to discovery on discovery, a party must demonstrate that an "'adequate factual basis'" exists for the discovery "'in light of the danger of extending the already costly and time-consuming discovery process *ad infinitum*.'"  *Id*. at *3 (S.D.N.Y. Feb. 12, 2018) (quoting *Mortgage Resolution Servicing, LLC v. JPMorgan Chase Bank, N.A.*, No. 15-cv-0293 (LTS) (JCF), 2016 WL 3906712, at *7 (S.D.N.Y. July 14, 2016)).  Additionally, the party requesting the discovery must ensure that its discovery requests are listed with "reasonable particularity" and are substantively and temporally relevant to the claims and defenses in the action.  *Id*. at *5 (internal quotation marks and citations omitted).

      Here, Stephens has demonstrated that an adequate factual basis exists to conduct limited discovery on the storage and preservation of Sean Milne's emails.  Flexiti does not dispute that Mr. Milne, its former Vice President of Finance, has knowledge of the core issues in this case and likely had emails relevant to this matter.  It is also undisputed that Mr. Milne's emails were deleted at some point between June of 2018, when he left Flexiti's employ, and the commencement of this action in September of 2018.  (Doc. No. 101, 2.)  Given the proximity in time of the deletion of the emails and the commencement of this action, and the potential relevance of the emails, the Court finds that there is an adequate factual basis to explore the process in place for deleting/preserving the emails of departing employees like Mr. Milne and

whether there is any possibility of recovering any of his emails. This Court also evaluated the scope of the discovery sought in Stephens's deposition notice on this topic and is satisfied that it is sufficiently narrowly tailored to be proportionate to the needs of this case.[1] There is no basis for finding that limited questioning on this topic will cause an undue burden or expense on Flexiti or other reason justifying a protective order. *See Winfield*, 2018 WL 840085, at *4 (citation omitted); *see also* Fed. R. Civ. P. 26(c)(1). Accordingly, Flexiti's request for a protective order is denied.

For the reasons discussed above, fact discovery is hereby extended to **September 30, 2019** for the limited purpose of taking the depositions of Messrs. Fisher and Franks. Expert discovery is extended to **December 6, 2019**. Affirmative expert reports are due **October 30, 2019** and responsive expert reports are due **December 6, 2019**. The Court reminds the parties that a settlement conference is scheduled for **August 14, 2019 at 10:00 a.m.**

SO ORDERED.

Dated: July 31, 2019
New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge

---

[1] The Court notes that although Stephens also seeks discovery with respect to the deletion of Andrew Bogen's emails, the deposition notice before this Court only mentions Mr. Milne's emails. (Doc. Nos. 100, 2 and 101-2, 3.)